distinction seems to have been overlooked in the argument of the defendants' counsel.

4. The instructions as to the selection of the five hundred and twenty five acres, upon whom the duty devolved, as to the time when to be made, and as to the method of making up the quantity, are liable to no just exception.

5. It appearing by the evidence that there were parcels of land of which Willard Wadhams died seised, and which had not been sold at the date of the bond, there could be but one rule or measure of damages, and that was the value of such five hundred and twenty five acres as the plaintiff's intestate might have selected under the limitations stated by the presiding judge.

6. The objection to the admission of a portion of the deposition of Orrin Loomis is not tenable. The part objected to is a statement of an admission of a party to the record. "What a party says," observes Mr. Justice Parke, "is evidence against himself, as an admission, whether it relates to the contents of a written paper, or to anything else." *Earle* v. *Picken*, 5 Car. & P. 542. See also remarks of the same judge and of Lord Abinger in *Slatterie* v. *Pooley*, 6 M. & W. 668, 669; 1 Greenl. Ev. § 203; and *Smith* v. *Palmer*, 6 Cush. 520.

*Exceptions overruled.*

---

INDIAN ORCHARD CANAL COMPANY *vs.* BENJAMIN SIKES, JR. & another.

A manufacturing corporation, authorized by their charter to hold real estate, granted land upon condition "that no building or part of any building thereon shall ever be occupied or used for the sale of spirituous liquors." A grantee of their grantee leased parts of the land with buildings thereon to different persons, one of whom sold spirituous liquors in his tenement, without the participation, knowledge or assent of his lessor. *Held*, that this did not entitle the corporation to enter for breach of the condition in their deed.

WRIT OF ENTRY by a corporation established by *St.* 1837, *c.* 69, "for the purpose of creating water power and manufacturing machinery" in Springfield, with the powers, privileges,

duties, restrictions and liabilities set forth in the Rev. Sts. *cc.* 38 & 44, and with authority to hold real estate to the amount of $100,000, to recover a parcel of land, situated at the corner of Main and Oak Streets in Springfield, and containing about forty eight square rods. The case was tried in this court, and reserved for the judgment of the full court upon the following agreed statement:

" It appeared that the demandants were formerly the owners of the demanded premises, and on the 7th of October 1845 conveyed the same, by their deed of that date, to Willis Phelps, upon the condition expressed in the deed, among others, ' that no building or part of any building thereon should ever be occupied or used for the sale of spirituous liquors.' On the same day, Phelps, by his deed of that date, containing a similar provision, conveyed an undivided moiety of the premises to James Brewer, and, on the 20th of March 1846, Phelps and Brewer, by their deed of that date containing a similar condition, conveyed the demanded premises to the tenants in this action. After the premises were conveyed to the tenants, they caused several buildings to be erected on the land, one of which contains shops of various kinds, and tenements for families. In the autumn of 1854 one of these shops was rented to William Shurtleff, who continued to occupy it till the 1st of April following. In the spring of 1854 one of the tenements and a shop in the basement under it were leased to John Doran, who continued to occupy them until his death in February 1855.

" The tenants contended that the demandants had no power or right to annex the said condition to their deed of conveyance to Phelps; because they were not expressly empowered by their charter to make such conditions part of their deed of conveyance. They also objected that the said condition was illegal and void. But both of these objections were overruled.

" The court ruled that if any part of said buildings or said land was used or occupied by Shurtleff or Doran for the sale of spirituous liquor, and if such part of said building was leased by either of the tenants to Doran or Shurtleff, to be used for that purpose, or if the tenants, or either of them, knew that

the said part or parts of said building were used and occupied for the sale of spirituous liquor, or consented thereto, this would constitute a breach of said condition in said deed of the demandants to Phelps, and the demandants would thereupon be entitled to a verdict; but if the parts of said building were not leased either to Shurtleff or Doran for the sale of spirituous liquors, but were leased for other purposes, and if neither of the tenants knew that either Doran or Shurtleff used or occupied any part of said building for the sale of spirituous liquor, or assented to such use or occupation, the use or occupation of said parts of said building by Shurtleff and Doran for such purposes was not such a breach of said condition as would work a forfeiture of the estate of the tenants, and in the latter case the tenants would be entitled to a verdict.

" The jury found specially, under the direction of the court, that the shops leased to Shurtleff and Doran were by them respectively used and occupied, during some portion of the time while they were in possession, for the sale of spirituous liquors; but that no part of said buildings was leased either to Shurtleff or Doran to be used or occupied for the sale of spirituous liquors; and that neither of the tenants in this action ever assented to the use or occupation thereof for such purposes, or had any knowledge that the same was used or occupied for that purpose. Thereupon a verdict, by direction of the court, was returned for the tenants."

This case was argued in writing at Boston in January 1857.

*C. A. Winchester*, for the tenants. 1. The demandants had no power to annex such a condition to their grant. Created by law, they had no powers except those conferred upon them by law, or incident to their existence. *Perrine* v. *Chesapeake & Delaware Canal*, 9 How. 172. Angell & Ames on Corp. §§ 111, 160, 256, 271. *New York Firemen Ins. Co.* v. *Ely*, 5 Conn. 560. *Salem Milldam* v. *Ropes*, 6 Pick. 32. *Beaty* v. *Knowler*, 4 Pet. 152. U. S. Dig. 1854, Corporation, pl. 10, 11. A corporation cannot exercise the power of creating a forfeiture unless expressly granted. *Cotter* v. *Doty*, 5 Ohio, 395. *Kirk* v. *Nowill*, 1 T. R. 118.

2. The condition itself is illegal and void; because it is an attempt to create a perpetuity, against the rules of law and the tenor of Massachusetts legislation from the earliest times; because it is against public policy, and in restraint of trade and the beneficial use and free transfer of property; and because it is repugnant to the grant.

3. If the condition is valid, it is to be construed strictly 4 Kent Com. (6th ed.) 129. *Merrifield* v. *Cobleigh*, 4 Cush. 184. The rights of these tenants cannot be affected by the use made of the premises by others without their knowledge or assent. *Peisch* v. *Ware*, 4 Cranch, 347. *Emery* v. *Kempton*, 2 Gray, 257. *Trueman* v. *Gunpowder*, Thach. C. C. 14.

*G. Walker*, for the demandants. 1. The Indian Orchard Canal Company had all the powers and privileges in conveying their real estate, which an individual could have, and could annex any lawful conditions to their grants, with the right of enforcing a forfeiture for breach of them. *St.* 1837, *c.* 69. Rev. Sts. *c.* 44, § 6. Angell & Ames on Corp. §§ 148, 166–168. *Canal Bridge* v. *Methodist Society*, 13 Met. 335. *Boston Water Power Co.* v. *Boston & Worcester Railroad*, 16 Pick. 512. The forfeiture which was disallowed in 5 Ohio, 395, relied on by the tenants, was an attempt to forfeit, without legal process, property kept in violation of a by-law of a city.

2. The condition is valid. It does not tend to a perpetuity, for it does not " tend to take the subject out of commerce." Bouvier Law Dict. " Perpetuity." It is not in restraint of alienation; far less so, indeed, than conveyances of lands for public, religious and charitable purposes, with a condition of forfeiture if otherwise used; yet such conditions have been uniformly recognized and upheld in this commonwealth. *Hayden* v. *Stoughton*, 5 Pick. 528. *Brigham* v. *Shattuck*, 10 Pick. 305. *Clapp* v. *Stoughton*, 10 Pick. 463. *Austin* v. *Cambridgeport Parish*, 21 Pick. 215. *Canal Bridge* v. *Methodist Society*, 13 Met. 335. It is within the reasoning, and, except in being unlimited in duration, within the principle, of decisions in cases in this state and New Hampshire. *Gray* v. *Blanchard*, 8 Pick. 289, 290. *Gillis* v. *Bailey*, 1 Foster, 149. And the duration

makes no difference. *Tallis* v. *Tallis*, 1 El. & Bl. 410, 412. *Hitchcock* v. *Coker*, 6 Ad. & El. 438. It restricts trade and the alienation of property much less than many conditions which have been recognized as valid. *Doe* v. *Pearson*, 6 East, 172. *Bristow* v. *Wood*, 1 Collyer, 480. *Doe* v. *Allen*, 3 Taunt. 78. *Doe* v. *Carter*, 8 T. R. 57. 2 Sugd. Vend. (7th Amer. ed.) 493, 496. *Barrow* v. *Richard*, 8 Paige, 351. *Sperry* v. *Pond*, 5 Ohio, 389. It interferes with no beneficial enjoyment of the property for all uses except one; and that one in itself of immoral tendency, and opposed to the public welfare and to the uniform course of our legislation.

3. The condition is express that the land conveyed shall not be "occupied or used" for the prohibited traffic. It does not apply to a single sale of spirituous liquors, but to the repetition of such sales until they become usual. It extends to the voluntary acts of all persons in lawful occupation of the premises by permission of the owner; though perhaps not to the acts of a stranger. It is not in terms limited to a prohibited occupation or use, with the knowledge or assent of the owner; and such a limited construction would deprive it of any efficacy. The verdict has found the actual existence on the premises of the evil which the condition was intended to prevent.

THE COURT in June 1857 gave     *Judgment on the verdict.*

---

JEFFERSON WHITE *vs.* MUTUAL FIRE ASSURANCE COMPANY OF SPRINGFIELD AND VICINITY.

A policy of insurance on a "dwelling-house and wood-house," described in the application as "occupied for the usual purposes," covers a building, built at one time, with a single frame and roof, and designed for one building, for a carriage-house and woodhouse, of which the wood room constitutes two thirds, and is separated from the carriage room by a loose partition extending to the eaves on one side, and half way to the roof on the other; and does not exclude evidence that the whole building was called by the tenants and neighbors the "wood-house."

In the trial of an action on a policy of insurance upon a building in which was a quantity of straw at the time of the fire, the defendants cannot, "for the purpose of showing the condition of the straw at the time," introduce evidence that three weeks previously a